FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

—————————————————

No. 1D2023-2289

—————————————————

DEPARTMENT OF HEALTH,

   Petitioner,

   v.

IFTIKHAR RASUL, M.D.,

   Respondent.

—————————————————

Petition for Writ of Review Non-Final Agency Action—Original
Jurisdiction.

April 5, 2023

ON AN ORDER TO SHOW CAUSE.

PER CURIAM.

   In light of the petitioner's response docketed December 23,
2023, the court discharges the order to show cause dated December
19, 2023.

   Within thirty days, the respondent shall show cause why the
court should not grant the petition for review of nonfinal agency
action.

KELSEY and M.K. THOMAS, JJ., concur; TANENBAUM, J., concurs
with an opinion.

—————————————————

TANENBAUM, J., concurring.

The Department of Health asks that we review non-final action of an administrative law judge ("ALJ"). The ALJ overruled the department's objections to Dr. Iftikhar Rasul's anticipated administrative subpoena of a counseling center's mental health records for one of his former patients. The department contends that this subpoena is improper because it relies on a medical-records release provided by the patient to the department in another context. There is no signed release from the patient in connection with the administrative subpoenas. According to the department, if the records were produced in response to the subpoena, confidential patient information would be divulged to Dr. Rasul—who otherwise is unauthorized to receive that information—that is not relevant to the administrative proceeding against him. The department asserts that if the subpoena issues 1) the department suffers from the misuse of its authorization form, fomenting distrust among patients; 2) the patient suffers from the disclosure of confidential information to a doctor accused of serious misconduct toward the patient; and 3) the responding provider suffers because of the confusion over whether there in fact is authorization for the disclosure.

The court initially issued an order questioning whether the department has standing to prosecute the current petition. I supported issuance of the order because section 120.68(1)(a), Florida Statutes, entitles "[a] party *adversely affected* by final agency action . . . to judicial review" (emphasis supplied). Upon further consideration, though, paragraph (b) of the same subsection does not have the same "adverse effect" requirement as a condition precedent to this court's review of non-final agency action. Instead, the threshold question for "immediate" judicial review of a "preliminary, procedural, or intermediate order of . . . an administrative law judge of the Division of Administrative Hearings" is whether "review of the final agency decision would not provide an adequate remedy." § 120.68(1)(b), Fla. Stat. Article V, section 4(b)(2) of the Florida Constitution cabins this court's authority to review internal administrative action of the executive branch: That authority is "as prescribed by general law."

2

Paragraph (b) of section 120.68(1), quoted above, is that general law.

Now that this court has discharged the show-cause order raising the question of standing, it orders Dr. Rasul to respond to the petition. To be clear on this front, by ordering a response from Dr. Rasul, we in essence are saying that the department has sufficiently demonstrated in its petition that there is no adequate remedy through review under section 120.68(1)(a) (*i.e.*, review of final agency action) for the purported harm described in the petition. That means we should be granting the petition for review of non-final agency action, because review is what we have agreed to do after we receive the response. The *relief* that we might grant, then, is not the review (which already has been granted by this court's ordering a response) but the setting aside of the ALJ's order overruling the department's objections (which the department expressly seeks as relief). A more accurately worded order in this space, then, would speak in terms of *granting* the petition for review—because we are agreeing to review the non-final agency action—and ordering Dr. Rasul "to show cause why this court should not set aside the order of the administrative law judge currently under review."

At all events, even though the department asks that we "quash" (more to the point, "set aside") a non-final administrative order, and not "final agency action," "general law" limns the parameters of this court's ability to "set aside agency action," regardless of the finality of the agency action under review. *Cf.* § 120.68(7)(a)–(e), Fla. Stat. (enumerating several bases for setting aside agency action); *see also id.* (8) (requiring approval of administrative order on review unless the district court "finds a ground for setting aside, modifying, remanding, or ordering agency action or ancillary relief under a specified provision of this section"). Hopefully, Dr. Rasul is clear on this. Notwithstanding the imprecise language of the order, by this court's ordering him to "show cause" why it "should not grant the petition for review of nonfinal agency action," it is directing him to look to section 120.68(7) (and perhaps other provisions of that section) and address whether there is a *statutory* basis for our setting aside the order that overruled the department's objections to his anticipated third-party administrative subpoena.

3

_____

Sarah Young Hodges, Chief Appellate Counsel, Department of Health, Tallahassee, for Petitioner.

No appearance for Respondent.